UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT DEGELORMO** | : | **DOCKET NO. 04-2163** |
| **VS.** | : | **JUDGE MINALDI** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

Robert M. Degelormo filed claims for Disability Insurance Benefits and Supplemental Security Income payments on June 25, 2001, and April 30, 2002, respectively. (Tr. 12).[1] He alleged an inability to work since July 6, 2000, due to a lower back fusion at L5-S1, and high blood pressure due to pain medication. (Tr. 29). The claim was denied initially and upon reconsideration. (Tr. 12).[2] Thereafter, Degelormo requested, and received a July 25, 2002,

---

[1] The applications are not in the administrative record.

[2] The denials are not in the administrative record.

hearing before an Administrative Law Judge ("ALJ"). (Tr. 189-219). However, in an August 30, 2002, written decision, the ALJ determined that Degelormo was not disabled under the Act, finding at Step Five of the sequential evaluation process that he could make an adjustment to work that exists in significant numbers in the national economy. (Tr. 12-18). Degelormo appealed the unfavorable decision to the Appeals Council. Yet, on September 24, 2004, the Appeals Council denied Degelormo's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5).

Degelormo now seeks to have this court review the denial of benefits. He alleges the following errors:

(1) the ALJ failed to accord proper weight to the opinion of plaintiff's treating physician;

(2) the ALJ's residual functional capacity assessment is not supported by substantial evidence;

(3) the ALJ erred in applying the medical-vocational guidelines; and

(4) Degelormo's waiver of representation was invalid.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986).

2

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit him to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, then the claimant must prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27

F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

**Issues 1-3**:

At Step Two of the sequential evaluation process, the ALJ determined that Degelormo suffered from severe impairments of high blood pressure, depression, and chronic low back pain. (Tr. 14). However, the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (14, 17). The ALJ then found that Degelormo retained the residual functional capacity for the full range of simple, unskilled sedentary work. (Tr. 15, 18).[3]

Plaintiff contends that the ALJ erred in rejecting the opinion of his treating physician, Dr. Lopez. In November 2000, Degelormo's orthopedic surgeon, Dr. Gunderson concluded that Degelormo did not need orthopedic care, and referred him to Frank Lopez, M.D., for pain management. (Tr. 89-90). Dr. Lopez examined Degelormo, and in a January 8, 2001, letter, indicated that Degelormo had complaints of low back pain with radiation to the lower extremities. (Tr. 156). Degelormo also had headaches and upper back pain with right shoulder and right arm pain. *Id*. The pain problems began on July 7, 2000, when Degelormo was working as a boilermaker/rigger. *Id*. Degelormo's pain was most commonly a 6 on a 10 point scale. *Id*. His extension was about five degrees; his lateral flexion was almost none. *Id*. Lopez found mild

---

[3] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

4

to moderate muscle spasms bilaterally in the lumbar area. *Id.* Sensory discrimination was decreased in the right foot and the right hand. *Id.* Lopez diagnosed recurrent headaches, depression with insomnia, neck and shoulders pain, low back pain, and inadequate coverage by medication. *Id.*

The administrative record indicates that Dr. Lopez continued to treat Degelormo at least through October 2001. On February 20, 2002, Dr. Lopez completed a "Residual Physical Function's Capacities Evaluation." (Tr. 186-188). He indicated that in an eight hour day, Degelormo could sit for two hours and stand and walk for up to one hour. *Id.* In an eight hour workday, Degelormo is able to drive 10-30 minutes. *Id.* Lopez indicated that Degelormo could occasionally lift up to ten pounds. *Id.* He is never able to bend, squat, kneel, crawl, climb, or reach above the shoulder. *Id.* He can only occasionally be exposed to dust/fumes, and extreme temperatures. *Id.* Degelormo is unable to alternate sitting and standing at work due to his constant back pain. *Id.* He cannot use his feet for foot controls. *Id.* Lopez restricted him to sitting a maximum of fifteen minutes, and standing for five minutes. *Id.*

Needless to say, the limitations imposed by Dr. Lopez are inconsistent with the ALJ's residual functional capacity assessment. Accordingly, the ALJ noted that Dr. Lopez's limitations were not supported by objective medical evidence, and that the non-examining medical expert, Dr. Anderson, had rendered a contrary opinion. (Tr. 15). The ALJ concluded that Dr. Anderson's opinion was entitled to greater weight and credibility. *Id.*[4]

---

[4] Another non-examining agency physician opined that Degelormo retained the residual functional capacity for light work. (Tr. 160-167).
The record also contains a report by an examining, consultative physician, Dr. O'Neil. (Tr. 86-88). He found that Degelormo had no significant neurological defect, and that his MRI was basically normal. *Id.* O'Neil assigned a total lower back impairment of 13 %. *Id.* However, he did not quantify any functional limitations. *Id.* In fact, Dr. Lopez agreed with O'Neil's assessment of impairment. (Tr. 117).

5

However, the regulations provide that when the treating source has seen the claimant a number of times and long enough to obtain a longitudinal picture of the impairment, then the treating source's opinion will be given more weight than if it were from a non-treating source. 20 C.F.R. § 404.1527(d)(2)(i). Moreover, an ALJ may properly rely on a non-examining physician's assessment only when those findings do not contradict the findings of the examining physician. *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoted source omitted). Furthermore, in the case *sub judice*, Dr. Anderson agreed that the claimant was capable of sedentary work "with an alternate sit and stand" [sic]. (Tr. 218). Of course, if a claimant needs to alternate sitting and standing, then he does not have the exertional capacity for sedentary work. *Scott v. Shalala*, 30 F.3d 33, 34 (5th Cir. 1994).

Plaintiff further argues that the ALJ cannot reject the opinion of claimant's treating physician without expressly discussing the factors set forth in 20 C.F.R. § 404.1527(d) and *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Indeed, this court has held that "an ALJ is required to consider each of the §§ 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist." *Trahan v. Barnhart*, C. A. No. 02-1136 (W.D. La. 7/2/03). Here, the ALJ did not apply each of the aforesaid factors to the assessment of plaintiff's treating physician.[5]

We further find that the ALJ erred in his assessment of plaintiff's mental impairment. The ALJ found that plaintiff suffers from the severe impairment of depression, but apparently

---

[5] We recognize that an ALJ is not required to apply the six § 404.1527(d) factors to a physician's opinion that a claimant is "disabled" or "unable to work," because these are not *medical opinions* as contemplated under the regulations. 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). Here, however, Dr. Lopez provided specific limitations. (Tr. 186-188).

6

relied on a Psychiatric Review Technique completed by a non-examining agency physician to conclude that the impairment did not significantly affect Degelormo's capacity for work. (Tr. 172-185). However, the *examining* consultant, Lawrence S. Dilks, Ph.D., diagnosed pain disorder, physiological and psychological features; mild-moderate depression, secondary to pain disorder; mild sexual disorder NOS; sleep disorder, and assigned a GAF of 50-60.[6] Dilks opined that Degelormo's condition was significant, and that he had difficulty tolerating stress. *Id.* Accordingly, the ALJ was not at liberty to rely on the non-examining physician's contradictory assessment. *Carrier, supra.*

For the foregoing reasons, we find that the ALJ's determination that plaintiff retained the residual functional capacity for the full range of sedentary work is not supported by substantial evidence. Because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity that is not supported by substantial evidence, we necessarily find that the ALJ's ultimate conclusion that plaintiff was not disabled is also not supported by substantial evidence.[7]

For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[6] A GAF of 51-60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition DSM-IV, p. 32.

[7] We need not address plaintiff's remaining assignment of error.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 1st day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE